UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL SENDLBECK, et al.,

                **Plaintiffs,**                  01-CV-0371A(Sr)

v.

CHARLES FLYNN, et al.,

                **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 19, 99.

Currently before the Court is plaintiffs' motion to compel defendant Frank MacKay to respond to interrogatories and document demands and to answer deposition questions. Dkt. #155.

## BACKGROUND

This action is the result of political infighting over control of the Independence Party of Erie County ("County Party"). In their Complaint brought pursuant to 42 U.S.C. § 1983, plaintiffs alleged, *inter alia*, that the defendants: (1) excluded certain duly elected Independence Party Committee Members ("Committee Members"), from participation in the organizational meeting of the County Party on

November 7, 2000 which, *inter alia*, defined the geographic jurisdiction of the County Party to include those New York State Assembly Districts which are wholly within Erie County (thereby excluding the 147th Assembly District), and adopted procedures for the authorization and nomination of candidates for public office; (2) denied certain Committee Members notice of and participation in meetings to authorize and nominate candidates for public office; and (3) instituted proceedings before the Independence Party of the State of New York ("State Party"), which led to the removal of certain Committee Members. Dkt. #60. As a result, plaintiffs complain that they were deprived of personal and representative participation in the process by which the County Party designated non-party candidates pursuant to New York State Election Law § 6-120(3), thereby violating plaintiffs' rights to vote and to freedom of speech and association as guaranteed by the First and Fourteenth Amendments. Dkt. #60, ¶¶ 34, 37.

In a Report, Recommendation & Order addressing defendants' motion to dismiss the complaint for failure to allege state action, which was adopted by the Hon. Richard J. Arcara, the Court determined that political parties act under color of state law when, pursuant to Section 6-120(3) of the Election Law, they designate or nominate an individual who is not enrolled as a member of such party as a candidate for any office. Dkt. #75, 99. However, the Court noted

> a clear distinction between the selection of a nominee for public governmental office and the conduct of the private affairs of a political organization. *Seergy,* 459 F.2d at 313. "The citizen's constitutional right to equality as an elector . . . applies to the choice of those who shall be his elected representatives in the conduct of government, not in the internal management of a political party." *Lynch v.*

> *Torquato*, 343 F.2d 370, 372 (3d Cir. 1964). "[T]he normal role of party leaders in conducting internal affairs of their party, other than primary or general elections, does not make their party offices governmental offices or the filling of these offices state action." *Lynch*, 343 F.2d at 372. Thus, "votes taken by the county committee in the conduct of its internal party affairs which have no direct relation to the electoral process" are not subject to constitutional scrutiny. *Seergy,* 459 F.2d at 314.
>
> This distinction between "public, electoral functions," and "internal party affairs" is imperative because political parties enjoy constitutional protection from state interference in the "determination of the boundaries of its own association, and of the structure which best allows it to pursue its political goals." *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 224 (1986); *see also Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 358 (1997) (political parties' government, structure and activities enjoy constitutional protection"); *Eu v. SanFrancisco County Democratic Central Comm.*, 489 U.S. 214, 230 (1989) (political parties [sic] possess [sic] "discretion in how to organize itself, conduct its affairs, and select its leaders").

Dkt. ##75, pp. 14-15 & 127, pp4-5. Accordingly, the Court determined that the

> only actionable claim under 42 U.S.C. § 1983 is whether defendants excluded either "members of the party committee representing the political subdivision of the office for which a designation or nomination [was] to be made," or, if the rules of the party provided for another committee, excluded "the members of such other committee" from the meeting which designated or nominated "a person as candidate for any office who is not enrolled as a member of such party." N.Y. Elec. Law § 6-120(3).[1]

---

[1] Election Law § 6-120(3) provides, in pertinent part, that:
> The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee . . . may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section.

-3-

Dkt. #127, p.5.  The Court explicitly stated that the procedures utilized to remove and replace allegedly disloyal Committee Members is within the parameters of internal party affairs.  Dkt. #127, p.12.

## DISCUSSION AND ANALYSIS

### Document Requests

Plaintiffs submitted 15 document requests; Frank MacKay and the Independence Party asserted the following objection to each of them:

> Defendants MacKay and Independence Party objects to this document request as it is well beyond the scope of allowable disclosure as set forth in the decision and order of Magistrate Judge Kenneth Schoreder, Jr. dated January 26, 2004.

Dkt. #156, Exh. A.

Plaintiffs assert that the first nine document demands are designed to identify actual meetings at which endorsements and nominations occurred.  Dkt. #155, p.10.   The Court notes that it previously ordered that the defendants

> provide plaintiff's counsel with all notices, agendas and minutes of any meetings scheduled and/or conducted by the Independence Party between September, 2000 and September, 2002, exclusive of any notices, agendas or minutes which relate solely to the proceedings to remove plaintiffs as committee members of the Independence Party

and provide a

> certification under oath of a person with knowledge of and responsibility for the business records of the Independence Party stating that a diligent search of defendants' records has been undertaken and that the documents produced

>constitute all such records or explaining the absence of any such records.

Dkt. #122. This Order sets forth the appropriate scope of disclosure with respect to document demands numbered 1, 6 and 7. Accordingly, defendants shall provide copies of all notices, agendas and minutes of all meetings between September, 2000 and September, 2002, exclusive of any notices, agendas or minutes of the proceedings to remove plaintiffs as Committee Members.

Document Requests No. 2–5 seek copies of the mailing lists for the mailing of notices and certification, credentialing, registration, sign-in sheets, attendance lists and certified proxies for each of the meetings described in Document Request No. 1. This request is relevant to the plaintiffs' claim that they did not receive notices of meetings, including the actionable claim that they did not receive notice of meetings pertaining to the nomination of candidates. In addition, the Court finds that plaintiffs should be able to inquire of individuals who did receive such notices and who did participate in such meetings whether the exclusion of plaintiffs was discussed. However, the demands are over broad. Therefore, defendants are required to provide copies of the mailing lists for the mailing of notices, as well as any sign-in sheets or attendance lists for each meeting between September, 2000 and September, 2002, exclusive of the proceedings to remove plaintiffs as Committee Members.

Document Request No. 8 seeks copies of any personal notes prepared or maintained by defendant MacKay for each and every meeting described in Document Request No. 1. Although this demand is over broad, plaintiffs are entitled to disclosure

of any personal notes prepared for meetings conducted between September, 2000 and September, 2002 to the extent that such notes reference the plaintiffs by name or position within the State Party, exclusive of notes prepared solely during the proceedings to remove plaintiffs as Committee Members.

The ninth document demand seeks copies of any and all audio or video recordings of meetings. Defendants shall provide copies of any and all audio or video recordings of meetings conducted between September, 2000 and September, 2002, exclusive of the proceedings to remove plaintiffs as Committee Members.

Document Requests No. 10–11 seek copies of all communications between either MacKay or the State Party and (a) any other parties to this action or (b) any County Party member. Defendants shall disclose any such communications made between September, 2000 and September, 2002 to the extent that those communications pertain to either the nomination of candidates for political office or the exclusion of plaintiffs from meetings otherwise attended by Committee Members, exclusive of the proceedings to remove plaintiffs as Committee Members.

Defendant MacKay shall provide a handwriting exemplar as requested in Document Request No. 12.

Document Requests No. 13–15 seek documents pertaining to the removal of certain plaintiffs from their position as Committee Members. As this Court has

already determined that the removal of Committee Members is within the parameters of internal party affairs, these demands are denied.

**<u>Interrogatories</u>**

Plaintiffs' second set of interrogatories, dated April 14, 2004, propounded six questions. Dkt. #156, Exh. A. Defendant MacKay replied to each interrogatory as follows:

> Defendant MacKay objects to this interrogatory as it is well beyond the scope of allowable disclosure as set forth in the decision and order of Magistrate Judge Kenneth Schoreder, Jr. dated January 26, 2004.

Dkt. #156, Exh. A.

Defendant shall respond to the first interrogatory, which seeks his home address, mailing address (if different) and all e-mail addresses used by him, within the time frame of September, 2000 and September, 2002.

Interrogatories No. 2-6 seek information regarding communications between defendant MacKay and County Party Committee Members. Defendant shall respond to these interrogatories to the extent that they fall within the time frame of September, 2000 and September, 2002, exclusive of any communications or documents generated during the proceedings to remove plaintiffs as Committee Members.

Interrogatory Number 4 seeks information about the November 7, 2000 organizational meeting of the County Party. As the organization of the County Party falls squarely within the parameters of internal party affairs and outside of the scope of state action, defendant MacKay is not required to respond to this interrogatory.

**Deposition of Frank MacKay**

The Court has reviewed the excerpts of the deposition transcript provided by plaintiffs. Dkt. #156, Exh. B. It is the Court's hope that those questions which were relevant to the pending cause of action should be resolved following defendants' response to plaintiffs' document demands and interrogatories. If that is not the case, the Court will entertain a motion setting forth those questions which remain unresolved within ten days of defendants' response to plaintiffs' discovery demands.

**CONCLUSION**

Defendants shall respond to plaintiffs' discovery demands as set forth above no later than **Friday, September 16, 2005.** Dispositive motions shall be filed and served by **Friday, November 11, 2005.** *See generally* Local Rule 7.1(c); 56. Such motions shall be made returnable before the Magistrate Judge.

  **SO ORDERED.**

          S/ H. Kenneth Schroeder, Jr.
          H. KENNETH SCHROEDER, JR.
          United States Magistrate Judge

DATED: Buffalo, New York
     August 9, 2005